## Wilkes-Barre Township School Directors.

*School law—Removal of school directors—Removal by court after appointment—Public officers.*

1. A school director is an elective and not an appointive officer, and he cannot be removed except upon cause shown in *quo warranto* proceedings or under the School Code of May 18, 1911, P. L. 309.

2. If the Common Pleas has removed a school director and appointed another who has duly qualified, such appointment cannot be revoked on a mere rule to show cause.

Petition to remove school directors. C. P. Luzerne Co., Dec. T., 1923, No. 1172.

*J. D. Farnham, T. D. Shea* and *P. J. McCormick,* for petition.

McLEAN, J.—Upon petition to remove certain school directors of Wilkes-Barre Township, hearing was had before a single judge constituting the court, and thereafter, upon request of the respondents, argument was heard before the court *in banc.* All of the judges concurred in the disposition of the case, and the trial judge was designated to write the opinion of the court. Thereupon the opinion was prepared and therewith the decree of the removal of certain of the school directors and the appointment of their successors. This opinion, as well as the decree, was approved by the judges before whom the case had been argued, and the opinion and decree signed "By the Court," with the name of the trial judge attached thereto, were forthwith filed and thereupon became the decree of the court.

Thereupon a petition was filed, setting forth that the decree, as filed, purported to be the action of but a single judge and not the action of the court

*in banc*, as required by law, and praying that the matter be again considered and disposed of by the court *in banc*. It was further brought to our attention that of the persons appointed, two were closely related to each other and the third was related to one of the ousted directors. To correct this situation which was inadvertently created, we thereupon revoked the order of appointment of one of the school directors, one John Brogan, and appointed in his stead Leo Grohowski.

Exceptions were filed to this action of the court and rule granted to show cause why the decree should not be vacated.

The exceptions raise the single question, viz., the authority of the court to remove John Brogan from the office of school director by order revoking his appointment.

Upon the removal of school directors in conformity with the 217th section of the School Code, "the court shall have the power to appoint for the unexpired terms (of those removed) other qualified persons in their stead." Having exercised this power in the appointment of John Brogan, the authority in the premises to appoint was exhausted. The power to appoint carries with it the power to remove those selected to appointive offices only. The office of school director is an elective office. The court having appointed John Brogan to the office of school director, and the appointee having qualified and assumed the duties of the office, the power of the court was fully exercised, and thereafter the court was without authority to revoke the appointment (Blythe Township School Directors, 8 Schuyl. Legal Rec. 29), or to remove the appointee except in proceedings upon cause shown, as provided by statute, viz., *quo warranto* or under the School Code. Accordingly, therefore, prayer of petition, alleging irregularity in our order of Feb. 14, 1924, is denied, and rule to vacate order of appointment of Leo Grohowski as school director of the School District of Wilkes-Barre Township is made absolute.

From F. P. Slattery, Wilkes-Barre, Pa.